UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN JAMES LISLE,<br><br>Petitioner,<br>v.<br>RENEE BAKER, et al.,<br><br>Respondents. | Case No. 2:03-cv-01006-MMD-CWF<br><br>ORDER |

In this capital habeas corpus action, the petitioner, Kevin James Lisle, although represented by counsel, has recently filed several documents *pro se*. The respondents have filed motions to strike two of those documents. The Court will grant the motions to strike, and will order stricken from the record Lisle's *pro se* filings.

This case was stayed from August 4, 2008, to December 12, 2012, pending proceedings in state court. *See* Order entered August 4, 2008 (dkt. no. 81); Order entered December 12, 2012 (dkt. no. 119). On March 25, 2013, Lisle – through his attorneys – filed a second amended petition (dkt. no. 129).

Meanwhile, beginning on February 6, 2013, Lisle filed the following series of *pro se* documents:

- a "Motion for Extraordinary Relief" (dkt no. 122), filed February 6, 2013;
- a "Pro Se Petition to Consolidate Cases No. C129540 Lusch and C124090 Logan and Renew Motion for Substitution of Counsel" (dkt nos. 123 and 124), filed February 8, 2013 (the two motions are included in a single document, which was imaged and filed at both dkt. no. 123 and dkt. no. 124);

- "Motion for Proper Procedure" (dkt. no. 125), filed February 12, 2013; and
- "Motion for Proper Procedure" (dkt. no. 128), filed March 1, 2013.

On February 14, 2013, respondents filed a motion to strike (dkt. no. 126), requesting that the Court strike Lisle's "Motion for Extraordinary Relief" (dkt. no. 122). On February 14, 2013, respondents filed another motion to strike (dkt. no. 127), requesting that the Court strike Lisle's motion to consolidate. There was no response to either motion to strike.

Under Local Rule IA 10-6(a), the "attorney who has appeared for a party shall be recognized by the Court and all the parties as having control of the client's case," and a "party who has appeared by an attorney cannot while so represented appear or act in the case." LR IA 10-6(a).

In his "Motion for Extraordinary Relief" (dkt. no. 122), Lisle complains of certain alleged conditions of his confinement, and he alleges violations of his right of access to the courts. Lisle is represented by counsel, and it is plain from the record that the alleged prison conditions and actions of prison officials have not affected the progress of this action. Counsel timely filed a second amended habeas petition on Lisle's behalf on March 25, 2013 (dkt. no. 129). Lisle's complaints regarding the conditions of his confinement and his access to the courts are not cognizable in this habeas corpus action; such complaints must be made in a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement. A civil rights action, in contrast, is the proper method of challenging conditions of confinement."). The Court will grant respondents' motion to strike, with respect to Lisle's "Motion for Extraordinary Relief," and will order that *pro se* filing stricken.

The Court will decline to entertain Lisle's *pro se* motion to consolidate cases (dkt. no. 123), and will order that filing stricken as well. Under Local Rule IA 10-6(a), if such a motion is to be made, it must be made by Lisle's counsel. The Court will, therefore,

grant respondents' motion to strike, with respect to Lisle's motion to consolidate cases, and will order that *pro se* filing stricken.

Regarding Lisle's motion for substitution of counsel (dkt. no. 124), the Court has examined Lisle's *pro se* filing and determines that it does not describe any colorable justification for a substitution of counsel. See *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007). The Court will strike that *pro se* filing as well.

In the "Motion for Proper Procedure" filed by Lisle on February 12, 2013 (dkt. no. 125), and also in the other "Motion for Proper Procedure" that he filed on March 1, 2013 (dkt. no. 128), Lisle simply inquires whether his "Pro Se Petition to Consolidate Cases No. C129540 Lusch and C124090 Logan and Renew Motion for Substitution of Counsel" (dkt nos. 123 and 124) was received by the Court and filed. The Court need take no action with respect to those filings, and will order them stricken under Local Rule IA 10-6(a).

IT IS THEREFORE ORDERED that respondents' Motion to Strike Motion for Extraordinary Relief (dkt. no. 126) is GRANTED.

IT IS FURTHER ORDERED that respondents' Motion to Strike Petition to Consolidate Cases (dkt. no. 127) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall STRIKE FROM THE RECORD the *pro se* filings at dkt. no. 122, 123, 124, 125, and 128, on the electronic filing system in this case.

DATED THIS 29th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE