UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN JAMES LISLE,<br><br>　　　　　　　　　Petitioner,<br>　v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 2:03-cv-01006-MMD-CWH<br><br>ORDER |

The respondents in this capital habeas corpus action filed a motion to dismiss on December 26, 2014. (Dkt. no. 182.) The petitioner, Kevin James Lisle, filed an opposition to that motion on April 27, 2015. (Dkt. no. 206.)

On May 12, 2015, Lisle's counsel filed an *ex parte* motion to withdraw. (Dkt. no. 213 (sealed).) On May 28, 2015, the Court ordered further briefing of the motion to dismiss, as well as the filing and litigation of any motion for leave to conduct discovery and/or motion for evidentiary hearing related to Lisle's opposition to the motion to dismiss, suspended pending resolution of the *ex parte* motion to withdraw. (Dkt. no. 216.)

On June 11, 2015, the Court ordered respondents to file a reply in support of their motion to dismiss, addressing one specific issue — responding only to the petitioner's argument, at pages 4-10 of his opposition to the motion to dismiss, that the State has waived the statute of limitations defense. *See* Order entered June 11, 2015 (dkt. no. 218). Respondents filed that partial reply on July 13, 2015 (dkt. no. 221).

On July 31, 2015, the Court denied Lisle's counsel's *ex parte* motion to withdraw. (Dkt. no. 225 (sealed).) On August 21, 2015, Lisle's counsel filed an *ex parte* motion for reconsideration. (Dkt. no. 229 (sealed).) On September 3, 2015, the Court granted the motion for reconsideration, and ordered that it would appoint separate counsel for the limited purpose of supplementing Lisle's opposition to the motion to dismiss, to assert certain arguments regarding the issue of equitable tolling of the statute of limitations. (Dkt. no. 231 (sealed).) On September 15, 2015, A. Richard Ellis was appointed to represent Lisle for that limited purpose.

Therefore, the Court will now set a schedule for further briefing of the motion to dismiss, and the anticipated motion for leave to conduct discovery and/or motion for evidentiary hearing.

Within sixty (60) days from the date of entry of this order, Ellis shall file and serve, on Lisle's behalf, his supplement to Lisle's opposition to the motion to dismiss.

Within fifteen (15) days after the filing of Lisle's supplement to his opposition to the motion to dismiss, Lisle shall file any motion for leave to conduct discovery and/or motion for evidentiary hearing related to his opposition to the motion to dismiss.

Within forty-five (45) days after Lisle files any motion for leave to conduct discovery and/or motion for evidentiary hearing related to his opposition to the motion to dismiss (or after the due date for such motion if Lisle files no such motion by that due date), respondents shall file their response to any motion for leave to conduct discovery and/or motion for evidentiary hearing, and their further reply in support of their motion to dismiss.

Thereafter, Lisle shall, within thirty (30) days, file his replies in support of any motion for leave to conduct discovery and/or motion for evidentiary hearing.

DATED THIS 16th day of November 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2