UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN JAMES LISLE, | Case No. 2:03-cv-01006-MMD-CWH |
| Petitioner, | ORDER |
| v. | |
| TIMOTHY FILSON, *et al.*, | |
| Respondents. | |

In this capital habeas corpus action, there are, before the Court and fully briefed, a motion to dismiss (ECF No. 182), a motion for evidentiary hearing (ECF No. 243), a motion for leave to conduct discovery (ECF No. 244), and a motion for medical examination, neuropsychological examination, and site inspection (ECF No. 245).

In addition, on February 3, 2017, the petitioner, Kevin James Lisle, filed a motion for leave to supplement his habeas petition (ECF No. 268). Respondents filed an opposition to that motion on February 27, 2017 (ECF No. 281). Lisle filed a reply in support of the motion on March 6, 2017 (ECF No. 282).

In the motion for leave to supplement, Lisle "seeks leave of this Court to supplement his Third Amended Petition with factual and legal allegations contained in the Third Amended Petition that was filed in October of 2016 in his other death penalty case, [*Lisle v. Filson, et al.*, Case No. 2:03-cv-01005-JCM-CWH]." (Motion to Supplement Third Amended Petition (ECF No. 268) at 3.) In addition, Lisle "seeks to supplement Claim Twelve to include additional allegations and evidence regarding the State's withholding

of impeachment evidence against numerous witnesses against Lisle, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny." (*Id.* at 6.) Lisle states that he discovered the additional evidence on which his motion to supplement is based between August and October 2016. (*Id.*; Reply to Opposition to Motion to Supplement (ECF No. 282) at 7-10.) The motion to supplement will be granted.

Respondents contend that Lisle has mischaracterized the proposed additions to his petition as a supplement, rather than an amendment. *See* Fed. R. Civ. P. 15. For purposes of this motion, however, the distinction is immaterial. A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases (Rules of Civil Procedure apply to federal habeas proceedings "to the extent that they are not inconsistent."). Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Respondents do not show undue delay, bad faith, or dilatory motive with regard to Lisle's request to add to his petition in the manner he requests. Nor do respondents show that they would be unduly prejudiced.

Furthermore, while there may be serious issues to be resolved regarding the procedural viability, and merits, of the claims affected by Lisle's proposed amendments, the Court determines — for purposes of the motion to supplement only — that there is no

showing that amendment would be futile. "[P]roposed amendments [are futile when they] are either duplicative of existing claims or patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014), quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir.1995).

Therefore, the Court will grant Lisle's motion to supplement, and will allow Lisle to amend his petition as he proposes.

Lisle has presented his amendments, or supplement, as he refers to it, in a document entitled "Supplement to the Third Amended Petition for Writ of Habeas Corpus" (ECF No. 270). The Court will require Lisle to file a fourth amended petition for writ of habeas corpus, incorporating the new material into his petition. The addition of the new material should be purely a clerical matter, and it should not require significant time or resources. The Court determines that, at this point in this action, doing so will create a better record going forward, with Lisle's entire petition in one document.

The Court will deny as moot, and without prejudice, respondents' motion to dismiss Lisle's third amended petition (ECF No. 182), as well as Lisle's motion for evidentiary hearing (ECF No. 243), motion for leave to conduct discovery (ECF No. 244), and motion for medical examination, neuropsychological examination, and site inspection (ECF No. 245). The Court recognizes the time and resources that the parties have put into these motions, and also recognizes that, when appropriate, there will likely be a motion to dismiss Lisle's fourth amended petition. However, to a great extent, that motion to dismiss the fourth amended petition will surely duplicate background information and argument in the motion to dismiss the third amended petition. The reiteration of material in the parties' briefing of a new motion to dismiss, and related motions for leave to conduct discovery and for an evidentiary hearing, should be largely a clerical matter, and should not require significant time or resources. To the extent that the new motions require additional briefing because of the new material in the fourth amended petition, the expenditure of additional time and resources is unavoidable, as it will be necessary to fully resolve the procedural issues regarding all Lisle's claims. The Court's primary aim, in proceeding as described

///

in this order, is to avoid piecemeal litigation of the procedural issues concerning Lisle's numerous claims.

Nothing in this order will have any bearing on any other procedural issue in this case, or on the Court's consideration of the merits of Lisle's claims in any other context.

It is therefore ordered that petitioner's Motion to Supplement Third Amended Petition for Writ of Habeas Corpus (ECF No. 268) is granted. Petitioner will have twenty (20) days from the date of this order to file a fourth amended petition for writ of habeas corpus, including the material set forth in his Supplement to the Third Amended Petition for Writ of Habeas Corpus (ECF No. 270).

It is further ordered that respondents' Motion to Dismiss (ECF No. 182) is denied without prejudice.

It is further ordered that petitioner's Motion for Evidentiary Hearing (ECF No. 243) is denied without prejudice.

It is further ordered that petitioner's Motion for Leave to Conduct Discovery (ECF No. 244) is denied without prejudice.

It is further ordered that petitioner's Motion for Orders for Medical Examination, Neuropsychological Evaluation, and Site Inspection (ECF No. 245) is denied without prejudice.

It is further ordered that, after petitioner files his fourth amended petition, the following schedule will govern further proceedings in this case:

    1.    <u>Response to Petition</u>. Respondents will have sixty (60) days following the service of the fourth amended petition to file and serve an answer or other response to the fourth amended petition.

    2.    <u>Reply and Response to Reply</u>. Petitioner will have forty-five (45) days following service of an answer to file and serve a reply. Respondents will thereafter have thirty (30) days following service of a reply to file and serve a response to the reply.

    3.    <u>Briefing of Motion to Dismiss</u>. If respondents file a motion to dismiss, petitioner will have thirty (30) days following service of the motion to file and serve an

opposition to the motion. Respondents will thereafter have thirty (30) days following service of the opposition to file and serve a reply.

4. <u>Discovery</u>. If petitioner wishes to move for leave to conduct discovery, petitioner must file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have twenty (20) days to file and serve a reply in support of the motion for leave to conduct discovery. If the Court grants petitioner leave to conduct discovery, the Court will then establish time limits for the completion of the authorized discovery.

5. <u>Evidentiary Hearing</u>. If petitioner wishes to request an evidentiary hearing, petitioner must file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents must file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.

///
///
///
///

1 Thereafter, petitioner will have twenty (20) days to file and serve a reply in support of the
2 motion for an evidentiary hearing.
3     DATED THIS 17th day of March 2017.

                                           MIRANDA M. DU
                                           UNITED STATES DISTRICT JUDGE