UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN JAMES LISLE,

Petitioner,

v.

WILLIAM GITTERE, *et al.*,

Respondents.

Case No. 2:03-cv-1006-MMD-CWH

ORDER

This is a capital habeas corpus action brought by Kevin James Lisle, an incarcerated individual on Nevada's death row. Lisle is represented by appointed counsel, the Federal Public Defender for the District of Nevada. On April 22, 2019, the parties completed their briefing regarding the merits of the claims remaining in Lisle's fourth amended habeas petition (ECF Nos. 292, 318, 329, 343) and regarding a motion by Lisle for an evidentiary hearing with respect to those claims (ECF Nos. 337, 344, 350).

In the meantime, on January 7, 2019, Lisle, acting *pro se*, submitted a document to the Court (ECF No. 321), and that document was filed under seal, in part because it concerned Lisle's attorney-client relationship. In an order entered January 15, 2019 (ECF No. 324), the Court directed the Clerk of the Court to serve a copy of Lisle's January 7 filing on Lisle's counsel and ordered Lisle's counsel to file a status report or appropriate motion, under seal, in response to the January 7 filing. Lisle's counsel filed a status report, under seal, on January 30, 2019 (ECF No. 325). The same day, the Court entered an order under seal (ECF No. 326), directing Lisle's counsel to file, within 90 days, a further status report or appropriate motion regarding the issues raised in Lisle's January 7 filing. On February 19, 2019, Lisle filed another *pro se* document (ECF No. 327), which was also placed under seal. In an order entered March 5, 2019 (ECF No. 333), the Court directed the Clerk of the Court to serve a copy of Lisle's February 19 filing on Lisle's counsel. On April 23, 2019, Lisle filed a third *pro se* document (ECF No. 353), and that

document, too, was placed under seal. Lisle's counsel filed a second sealed status report regarding Lisle's *pro se* filings on May 1, 2019 (ECF No. 355).

On March 6, 2019, Respondents filed a motion (ECF No. 334) requesting that Lisle's January 7 and February 19 *pro se* filings be unsealed. Respondents also filed a motion (ECF No. 335) requesting leave of court to file under seal two exhibits in support of their motion to unseal Lisle's *pro se* filings. The Court granted the motion to seal on March 7, 2019 (ECF No. 338), in order to preserve the confidentiality of these matters pending the resolution of Respondents' motion to unseal the *pro se* filings; therefore, the two exhibits Respondents filed in support of their motion to unseal the *pro se* filings are currently filed under seal (ECF Nos. 336-1, 336-2). Lisle filed an opposition to the motion to unseal the *pro se* documents on April 10, 2019 (ECF No. 345), and Respondents filed a reply on May 10, 2019 (ECF No. 357).

On April 10, 2019, Lisle filed a motion for leave to conduct discovery and to obtain a mental health and medical examination (ECF No. 347). Respondents filed a response to that motion on April 24, 2019 (ECF No. 351), and Lisle replied on May 1, 2019 (ECF No. 356).

The Court will grant in part and deny in part Respondents' motion to unseal Lisle's January 7 and February 19 *pro se* filings (ECF No. 334). Regarding Lisle's February 19 filing, Respondents show in their motion that Lisle served his February 19 filing upon the Nevada Attorney General, a respondent in this action. Furthermore, Respondents show that a copy of that document has been filed in a legal action in the Nevada Supreme Court (filed March 4, 2019, in Nevada Supreme Court Case No. 77100/77365). Lisle's February 19 filing is, consequently, a matter of public knowledge. Moreover, in substance, Lisle's February 19 filing is solely a "motion to [waive] his appeal," or, as the Court understands it, a motion to waive further proceedings and voluntarily dismiss this action. The Court determines that there is no reason for that filing to remain under seal. Lisle's motion is a matter that the Court will take up and resolve, as is discussed below.

On the other hand, Lisle's January 7 filing—which also includes a statement of his desire to waive further proceedings in this case—goes further and includes statements concerning Lisle's representation in this action, statements concerning events related to the crimes underlying this action, statements concerning events related to the crimes underlying his other habeas corpus action in this Court (Case No. 2:03-cv-01005-JCM-CWH), statements concerning the State's prosecution of Lisle, and statements concerning the conditions of his confinement. Lisle's January 7 filing will remain under seal, at least pending the determination of Lisle's competence to waive further proceedings and voluntarily dismiss this action. Therefore, Respondents' motion will be denied to the extent Respondents seek to have Lisle's January 7 filing unsealed.

The Court will now order unsealed the exhibits filed by Respondents in support of their motion to unseal Lisle's January 7 and February 19 filings, as that motion has now been resolved, and the material in those two exhibits is not confidential, as is explained above.

The Court will grant in part and deny in part Lisle's Motion for Leave to Conduct Discovery and to Obtain a Mental Health and Medical Examination (ECF No. 347).

The extent to which discovery is appropriate in a federal habeas case is not precisely defined in the habeas rules, or in Supreme Court precedent, and is largely within the discretion of the district court. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."); *Bracy v. Gramley*, 520 U.S. 899, 904-09 (1997) (same); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997) (district court's discretion).

Lisle requests all manner of discovery concerning the conditions of his confinement on the theory that "the State's inhumane treatment is responsible for Mr. Lisle's purported desire to waive his right to pursue a petition for writ of habeas corpus." (ECF No. 347 at 5, 9.) For example, Lisle requests leave to depose more than twenty current and former prison officials (*id.* at 9-17); he requests leave to serve subpoenas for discovery of "inmate

kites and responses," "records regarding his solitary confinement," and "records relating to violence perpetrated by the Corrections Emergency Response Team (CERT) (and any related discipline of corrections officers), frequent cell moves, and destruction of his personal and legal property" (*id.* at 6); and he requests leave to serve subpoenas for production of:

> Intake Records; Administrative Segregation Personnel Entry Logs; Administrative Segregation Activity Logs; Equipment Check Out Logs; Education Department logs and files; Historical Bed Assignment Report; Lisle's I-File; Lisle's C-File; Nevada Offender Tracking Information System (NOTIS) files; Classification Change Sheets; Classification Change Notifications; any and all documents relating to classification hearings, housing changes, and custody changes; cell search logs and records, central monitoring system documents, including but not limited to status sheets and photographs; disciplinary paperwork, including hearing logs; Offender Information Summary Reports; Offender Legal Orders; Accounting Office documents; Inspector General's Security Threat Group (STG) files, including paper files, computer files, and intake forms and approvals for Security Threat Group designations, validation and threat assessment material, interview reports, correspondence from and to inmates, correspondence including emails exchanged between staff, Security Threat Group/Disruptive Group Notification Forms (DOC-1598), mail monitoring logs and photocopies of incoming and outgoing inmate letters, phone monitoring logs and records and transcriptions of calls, intelligence received from other agencies and jurisdictions, cell search directives and findings and reports, and a list of established STGs from 1996 through the present; Separate forms and paperwork; Administrative Regulations and Operational Procedures for NDOC and ESP from 1996 through present; Security Risk/HRP inmate intelligence files; CERT files, including but not limited to videos, photographs, reports and memorandum; behavior referral forms; incident files and reports; gang records and forms; disciplinary paperwork, including hearing logs; Offender Information Summary Reports; Offender Legal Orders; "Top Forty List" and all other intelligence files[;]
>
> * * *
>
> visiting files and logs for both legal and non-legal visits and any gatehouse memos related to visits; telephone logs for both legal and non-legal phone calls; Call Finder reports; mail room documents, including the Legal Mail Log, Unauthorized Mail Log, Unauthorized Package Log, Censorship Log, Certified Mail Log, Outgoing Package Log, Inmate-to-Inmate Approved Correspondence Log, and Mail Monitoring Log.

(*Id.* at 6-7, 8.) Lisle does not show good cause for such discovery at this point in the consideration of Lisle's motion to waive further proceedings and voluntarily dismiss this action. The Court also determines that Lisle has not shown good cause for a medical examination of Lisle; there is, at this point, no colorable claim that Lisle's medical condition

4

renders him incompetent or renders his motion to waive further proceedings and voluntarily dismiss this action unknowing, unintelligent, or involuntary. Those parts of Lisle's discovery motion will be denied, without prejudice to Lisle seeking such discovery, or some part of it, if and when it appears necessary to the resolution of Lisle's motion to waive further proceedings and voluntarily dismiss this action.

On the other hand, Lisle and Respondents agree—as does the Court—that Lisle's motion to waive further proceedings and voluntarily dismiss this action raises the questions whether Lisle is competent to make such a waiver and whether his waiver is knowing, intelligent, and voluntary. (*See* ECF No. 351 at 3 (Response to Motion for Leave to Conduct Discovery); ECF No. 356 at 4 (Reply in Support of Motion for Leave to Conduct Discovery); *see also Comer v. Schriro*, 480 F.3d 960, 964-65 (9th Cir. 2007).) With respect to the question of a petitioner's competence to make such a waiver, the Supreme Court has described the issue as "whether he has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton*, 384 U.S. 312, 314 (1967). Further, Lisle and Respondents agree that a mental health examination of Lisle is necessary in order to resolve these questions (*see* ECF No. 351 at 3; ECF No. 356 at 4), and, here too, the Court concurs. *See Comer*, 480 F.3d at 964-65. Therefore, the Court will grant Lisle's discovery motion to the extent he requests a mental health examination.

The Court will schedule a hearing for the parties to advise the Court of their positions regarding how the mental health examination will be conducted. The parties should be prepared to discuss: the choice of an expert to conduct the mental health examination; payment of the expert; arrangements for the expert to examine Lisle; the expert's access to Lisle's mental health, medical, and prison records; the time to be allowed for the mental health examination and the filing of the resulting report; whether the report should be filed under seal; and any other matter relative to the mental health

examination. The parties are instructed to confer before the hearing and attempt to reach agreement as to these matters.

Lisle's counsel argues that an alternative (as opposed to proceeding now to resolve Lisle's motion to waive further proceedings and voluntarily dismiss this action) is for the Court to defer consideration of Lisle's *pro se* motion until after the Court has resolved the merits of the remaining claims in Lisle's fourth amended habeas petition. (*See* ECF No. 345 at 13-15 (Opposition to Motion to Unseal Court Documents); ECF No. 356 at 7 (Reply in Support of Motion for Leave to Conduct Discovery).) That argument is without merit. In *Comer*, the Court of Appeals stated:

> If Comer is competent to waive further proceedings, then we need not, and indeed cannot, decide whether any of Comer's claims have merit or are procedurally barred because there is no dispute remaining between the parties. *See Gilmore v. Utah*, 429 U.S. 1012, 1016-17, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976) (Burger, C.J., concurring) (once a competent petitioner waives further review, the court lacks jurisdiction to consider other issues no matter their merit); *see also Massie ex rel. Kroll*, 244 F.3d at 1194 (whether petitioner's "conviction and sentence meet federal constitutional standards is not now before us").

*Comer*, 480 F.3d at 964. The same applies here; before this case may proceed, the Court must determine whether Lisle is competent to waive further proceedings and whether his waiver is knowing, intelligent and voluntary. Therefore, the Court will deny, without prejudice, Lisle's motion for an evidentiary hearing relative to the merits of his remaining claims (ECF No. 337); if and when it is appropriate to proceed with the resolution of Lisle's remaining claims, the Court will allow Lisle to renew that motion.

It is therefore ordered that Petitioner's *pro se* motions, filed under seal at ECF Nos. 321 and 327 are denied, without prejudice.

It is further ordered that Respondents' Motion to Unseal Court Documents (ECF No. 334) is granted in part and denied in part. The Clerk of the Court is directed to separately file, not under seal, a copy of the February 19, 2019 "Motion to Waive Appeal" filed at ECF No. 327. The Clerk is directed to designate that motion on the docket for this case as a motion to be resolved. In all other respects, the Motion to Unseal Court Documents is denied.

It is further ordered that the Clerk of the Court is directed to unseal the exhibits filed in support of Respondents' Motion to Unseal Court Documents (ECF Nos. 336, 336-1, 336-2).

It is further ordered that Petitioner's Motion for Leave to Conduct Discovery and to Obtain a Mental Health and Medical Examination (ECF No. 347) is granted in part and denied in part. That motion is granted to the extent it seeks a mental health examination of Lisle. In all other respects, the motion is denied without prejudice.

It is further ordered that a telephonic hearing is set for June 26, 2019, at 11:00 a.m., in Courtroom 5 in Reno, before the undersigned United States District Judge, to hear from the parties regarding their positions as to how to proceed with a mental health examination of the Petitioner, as is discussed above. Counsel are to call 1-888-251-2909, at least five minutes prior to the hearing, and enter code 3803398 and password 123456. The use of speaker phones and/or cell phones is prohibited.

It is further ordered that Petitioner's Motion for Evidentiary Hearing (ECF No. 337) is denied, without prejudice to the motion being renewed, if and when appropriate, as is discussed above.

DATED THIS 20th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE