1  RENE L. VALLADARES
   Federal Public Defender
2  Nevada Bar No. 11479
   DAVID ANTHONY
3  Assistant Federal Public Defender
   Nevada Bar No. 7978
4  david_anthony@fd.org
   STACY M. NEWMAN
5  Assistant Federal Public Defender
   Nevada Bar No. 14245
6  stacy_newman@fd.org
   411 E. Bonneville, Ste. 250
7  Las Vegas, Nevada 89101
   (702) 388-6577
8  (702) 388-5819 (fax)

9  Attorneys for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN JAMES LISLE,<br><br>      Petitioner,<br><br>    v.<br><br>WILLIAM GITTERE, Warden, Ely State Prison, AARON FORD, Nevada Attorney General,<br><br>      Respondents. | Case No. 2:03-cv-01006-MMD-DJA<br><br>**STIPULATION AND PROPOSED ORDER**<br><br>(DEATH PENALTY CASE) |

On July 5, 2019, this Court accepted the parties' stipulation "regarding various aspects of the process for a mental health examination of Mr. Lisle for the purposes of determining whether Mr. Lisle is competent to make a waiver of further proceedings and whether his waiver is knowing, intelligent, and voluntary." ECF No. 363 at 6.

The stipulation explained how the parties would prepare the documents for the expert, how those documents would be transmitted to the expert, and how the expert's evaluation would be scheduled. *Id.* at 3–5 ¶¶6–12.

Finally, the stipulation offered a tentative prediction that the expert's report would be completed by December 31, 2019. In late December, the parties filed another stipulation indicating that Dr. Piasecki was expected to evaluate Mr. Lisle around February 9, 2020, and anticipating that her report would be completed by the end of February. *See* ECF No. 383. This Court accepted that stipulation *See* ECF No. 384.

On March 4, 2020, this Court ordered that:

> [T]he parties are to either file Dr. Piasecki's report and supporting documents as described in paragraphs 14 and 15 of the July 5, 2019 stipulation and order (ECF No. 363), or file a joint statement or stipulation explaining the delay and proposing a new schedule.

ECF No. 385 at 2. The parties, by stipulation, asked this Court for an additional ten days to comply with the Court's order; this Court accepted that stipulation. ECF Nos. 386, 387.

The parties enter this stipulation to comply with the Court's March 4, 2020 order.

2

IT IS HEREBY STIPULATED AND AGREED that:

1. The delay in providing the report is owing mainly to unanticipated difficulties in collecting and providing all the necessary documents to Dr. Piasecki. Nonetheless, since the December 23, 2019 stipulation, the parties have continued to work together on complying with the July 5, 2019 stipulation and its requirements with regard to providing those documents to Dr. Piasecki.

2. In light of these unanticipated difficulties, the parties agreed to ask Dr. Piasecki to defer submitting her report until after receiving one last category of documents, *i.e.*, grievances filed by Mr. Lisle. Dr. Piasecki agreed to this request.

3. Dr. Piasecki met with and evaluated Mr. Lisle on February 9, 2020.

4. On March 1, 2020, Dr. Piasecki confirmed receiving the grievances filed by Mr. Lisle.

5. On March 10, 2020, in response to the parties' attempts to determine when the report would be complete, Dr. Piasecki e-mailed, "Thanks for the call regarding report date. I'm traveling and in court today and will respond ASAP." The parties sent a follow-up e-mail. On March 15, 2020, Dr. Piasecki sent a response stating, "Is the first week of April an acceptable timeframe for receiving the report?" However, this communication did not indicate whether the "first week of April" meant the week ending April 3, 2020 or the week ending April 10, 2020. As of the time of filing this stipulation, the parties have not received clarification from Dr. Piasecki.

6. To facilitate whichever week Dr. Piasecki referenced, and to minimize the burden to the Court of repeated stipulations, the parties agree to assume Dr. Piasecki's report will be completed no later than April 11, 2020.

7. Under normal circumstances, the parties would anticipate that the report and documents gathered for Dr. Piasecki's review would be filed under seal shortly after, and would have requested a few days' grace period to account for any additional unanticipated difficulties related to filing this document under seal. However, like every other entity, the parties are affected by the social distancing measures related to COVID-19. Thus, filing the documents under seal could present special difficulties.

8. In light of potential difficulties, the parties agree that Dr. Piasecki's report and documents gathered for her review will be filed with appropriate haste, but no later than April 21, 2020.

9. In all other respects, the parties will continue to comply with the July 5, 2019 stipulation.

DATED this 20th day of March, 2020

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | AARON FORD<br>Nevada Attorney General |
| */s/ David Anthony*<br>DAVID ANTHONY<br>Assistant Federal Public Defender | /s/ Michael Bongard<br>MICHAEL BONGARD<br>Deputy Attorney General |

# ORDER

The parties have submitted a stipulation regarding the completion of Dr. Piasecki's report and the filing of the report and all supporting documents under seal for purposes of determining whether Mr. Lisle is competent to make a waiver of further proceedings and whether his waiver is knowing, intelligent, and voluntary.

Based on the stipulation and for good cause shown, it is hereby ordered that the Court adopts the parties' proposed stipulation dated March 20, 2020.

Dated this __23rd__ day of __March, 2020.__

_____
MIRANDA M. DU
Chief United States District Judge