1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6
7
8
9
10
11

KEVIN JAMES LISLE,

                                    Petitioner,

        v.

WILLIAM GITTERE, *et al.*,

                                    Respondents.

Case No. 2:03-cv-1006-MMD-CWH

ORDER

12
13
14
15
16

        In this capital habeas corpus action, Petitioner Kevin James Lisle has filed a *pro se* motion to waive further proceedings and voluntarily dismiss this action (ECF No. 359). The Motion raises the questions of whether Lisle is competent to make such a waiver and whether his waiver is knowing, intelligent and voluntary.

17
18

        The Court appointed Dr. Melissa Piasecki to examine Petitioner and produce a report, which she has done. (ECF Nos. 382, 390, 391, 392.)

19
20
21
22
23
24

        On April 22, 2020, Lisle's court-appointed counsel, the Federal Public Defender for the District of Nevada (the "FPD"), filed a Motion for Evidentiary Hearing (ECF No. 393) requesting an evidentiary hearing to determine whether Lisle is competent to waive further proceedings, and whether his waiver is knowing, intelligent and voluntary. In response, Respondents indicate that they agree that an evidentiary hearing is warranted. (ECF No. 397; *see also* ECF No. 398.)

25
26
27
28

         Lisle's waiver raises issues of fact. *See Kirkpatrick v. Chappell*, 950 F.3d 1118, 1132 (9th Cir. 2020) (questions of competency and knowing and intelligent nature of waiver are questions of fact; questions concerning the voluntary nature of waiver is a

///

1   mixed question of law and fact). The Court determines that an evidentiary hearing is
2   warranted. *See Comer v. Stewart*, 215 F.3d 910, 914-18 (9th Cir. 2000).

3          The Court will grant the motion for evidentiary hearing and will set a schedule for
4   the parties to meet and confer and submit a joint proposed prehearing scheduling order.
5   The joint proposed prehearing scheduling order should set a schedule, agreed upon by
6   the parties, for necessary preparation for, and exchange of information in advance of, the
7   evidentiary hearing. The parties should also propose dates for the evidentiary hearing;
8   the Court's preference is to set the evidentiary hearing for early August 2020. As to any
9   matter upon which the parties cannot agree, the parties should include in the joint
10  proposed prehearing scheduling order a description of the issue and the parties'
11  positions. After the parties submit the joint proposed prehearing scheduling order, the
12  Court will either approve the prehearing scheduling order proposed by the parties or issue
13  a different prehearing scheduling order. The Court will schedule the evidentiary hearing
14  itself after examining the parties' joint proposed prehearing scheduling order.

15         On June 1, 2020, the FPD filed a stipulation and proposed order (ECF No. 401)
16  requesting a telephonic scheduling conference. The Court will not approve that
17  stipulation. The parties will be required to settle matters regarding the scheduling of the
18  evidentiary hearing to the extent possible, narrow their disagreements, and inform the
19  Court of the nature of their disagreements, before the Court will consider holding a
20  scheduling conference.

21         On April 29, 2020, Lisle, acting *pro se*, filed two documents both entitled "Petition
22  Pro Per to Fire Counsel and Request for Preliminary Injunction Until Execution" (ECF
23  Nos. 395, 396). In that document, Lisle reiterates his request to waive further
24  proceedings, and he requests that his appointed counsel be discharged and that nothing
25  else be filed in this case on his behalf except by him. Lisle's requests are subsumed in
26  the pending motion on which the evidentiary hearing is to be held (ECF No. 359). The
27  Court can take no action on such requests until it is determined whether he is competent
28  to make such a waiver and whether his waiver is knowing, intelligent and voluntary.

Beyond that, the other requests in Lisle's April 29, 2020, *pro se* motion are improper, as Lisle is still represented by counsel. *See* LR IA 11-6. The Court will deny Lisle's April 29, 2020, *pro se* motions (ECF Nos. 395, 396) without prejudice.

It is therefore ordered that the Motion for Evidentiary Hearing (ECF No. 393) is granted. The court will hold an evidentiary hearing with respect to whether Lisle is competent to waive further proceedings, and whether his waiver is knowing, intelligent and voluntary.

It is further ordered that counsel for Petitioner and counsel for Respondents are to meet and confer regarding the terms of a prehearing scheduling order, and, within 10 days from the entry of this order, file a joint proposed prehearing scheduling order, as described above.

It is further ordered that Petitioner's "Petition Pro Per to Fire Counsel and Request for Preliminary Injunction Until Execution" (ECF Nos. 395, 396) are denied.

It is further ordered that the Stipulation and Proposed Order (ECF No. 401) filed June 1, 2020, is denied.

DATED THIS 2nd day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE