UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KEVIN JAMES LISLE, | Case No. 2:03-cv-1006-MMD-CWH |
|---|---|
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

In this order, in this capital habeas corpus action, the Court grants Petitioner Kevin James Lisle's motion for reconsideration (ECF No. 450), reconsiders the denial of a protective order, and issues a protective order regarding materials related to Lisle's motion to waive further proceedings and voluntarily dismiss this action and the evidentiary hearing held on November 12 and 13, 2020 ("Protected Materials").

On June 20, 2019, Lisle, who is represented by appointed counsel, filed a *pro se* motion to waive further proceedings and voluntarily dismiss this action. (ECF No. 359.) The Court held an evidentiary hearing regarding that motion on November 12 and 13, 2020. (ECF Nos. 444, 445.) At the evidentiary hearing, Lisle's appointed counsel presented exhibits and testimony of witnesses concerning the issues whether Lisle was competent to make the waiver and whether the waiver was knowing, intelligent, and voluntary. (*Id.*) At the evidentiary hearing, the Court heard testimony from Lisle himself. (*Id.*) At the conclusion of the evidentiary hearing on the afternoon of November 13, 2020, before the Court ruled on Lisle's motion, Lisle withdrew the motion. (ECF No. 445.)

On November 10, 2020, two days before the evidentiary hearing commenced, Lisle's counsel filed, on his behalf, a Motion for Protective Order (ECF No. 443). In that

motion, citing Federal Rule of Civil Procedure 26(c)(1)(D) and *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), Lisle argued: "The information developed during this waiver proceeding should be restricted to the purposes of that proceeding only, and the State should not be allowed to make any derivative use from this information in arguing against his habeas petition or in any future proceedings against Mr. Lisle." (ECF No. 443.) The Court denied that motion on November 30, 2020, determining that Lisle had not sufficiently specified the terms of the protective order that he sought and had not made a sufficient showing that a protective order was warranted. (ECF No. 449.)

Lisle filed a motion for reconsideration on December 9, 2020 (ECF No. 450), requesting reconsideration of the Court's November 30 order. Lisle filed, as Exhibit A to that motion, a proposed protective order. (ECF No. 450-1). Respondents filed an opposition (ECF No. 451), along with their own proposed protective over (ECF No. 451-1). Lisle filed a reply. (ECF No. 452.) The Court determines that Lisle shows that a protective order is warranted and will grant the motion.

Following the filing of Lisle's *pro se* motion to waive further proceedings and voluntarily dismiss this action, it was necessary for the Court to conduct a thorough inquiry into Lisle's competence and the knowing, intelligent, and voluntary nature of the waiver. To waive a petitioner's right to further habeas proceedings, the petitioner must be competent, and his waiver must be voluntary, knowing, and intelligent. *Rees v. Peyton*, 384 U.S. 312, 313–14 (1966); *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 889 (9th Cir. 2004). And, Lisle had a right to present evidence regarding his waiver without having to give up any other constitutional right. *See Simmons v. United States*, 390 U.S. 377, 394 (1968) (["W]e find it intolerable that one constitutional right should have to be surrendered in order to assert another."). In *Bittaker*, the Ninth Circuit Court of Appeals held that a protective order is called for in a federal habeas proceeding when a petitioner proffers attorney-client privileged information in seeking to vindicate his Sixth Amendment right to the effective assistance of counsel. *See* 331 F.3d at 723 (explaining that requiring the petitioner to waive attorney-client privilege in pursuit of Sixth Amendment claims "would

1  violate the spirit, and perhaps the letter, of [*Simmons*]"); *see also Lambright v. Ryan*, 698
2  F.3d 808, 822–23 (9th Cir. 2012) (applying *Simmons* to waiver of Fifth Amendment rights
3  in pursuit of constitutional claims in federal habeas action). Following *Bittaker*, this Court
4  determines that a protective order is warranted with respect to evidence and testimony
5  presented by Lisle and his counsel at the evidentiary hearing in this case.

6  Respondents do not oppose the issuance of a protective order preventing the use
7  of Protected Materials in litigation of Lisle's federal habeas petitions (this case and Case
8  No. 2:03-cv-01005-JCM-DJA), nor do they oppose a protective order preventing the use
9  of such materials in any retrial of Lisle for the crimes that are the subject of his federal
10 habeas petitions. (ECF No. 451 at 2–4.)

11 On the other hand, Respondents point to circumstances in which, they contend,
12 they—or others—should not be prevented from using Protected Materials: proceedings
13 regarding alleged perjury by Lisle; proceedings in which Lisle takes a position inconsistent
14 with a position he took in connection with his motion to waive further proceedings and
15 voluntarily dismiss this action or the evidentiary hearing held on November 12 and 13,
16 2020; proceedings in which Lisle claims retaliation by prison staff; proceedings in which
17 an issue arises regarding Lisle's competency. (*Id.*) The Court will decline to rule at this
18 time on the question whether use of Protected Materials in any such situation would be
19 proper. The Court finds it impossible to foresee the circumstances surrounding such
20 potential uses of the Protected Materials and determines that any such ruling will be better
21 made, if necessary, when the precise circumstances can be determined and the parties
22 can provide briefing specific to those circumstances. Therefore, the Court will not include
23 in the protective order the exceptions requested by Respondents. The Court will allow the
24 parties to request modification of the protective order, if and when any party seeks to use
25 the Protected Materials in any future proceeding.

26 It is therefore ordered that Petitioner's Motion for Reconsideration (ECF No. 450)
27 is granted.
28 ///

It is further ordered that a protective order is hereby imposed, as follows. Information produced or generated in connection with Petitioner's motion to waive further proceedings and voluntarily dismiss this action or the evidentiary hearing held on November 12 and 13, 2020, shall not be used in any other proceeding or legal action. This includes, but is not limited to, any other proceeding in this case or in Petitioner's other federal habeas action, Case No. 2:03-cv-01005-JCM-DJA. This also includes, but is not limited to, any criminal prosecution of Petitioner in state or federal court. This protective order does not restrict use of materials obtained from a source independent of the proceedings in connection with Petitioner's motion to waive further proceedings and voluntarily dismiss this action and the evidentiary hearing held on November 12 and 13, 2020. Materials filed under seal in connection with Petitioner's motion to waive further proceedings and voluntarily dismiss this action or the evidentiary hearing held on November 12 and 13, 2020, will remain under seal. This protective order will remain in effect after the conclusion of this action. Any party may move for modification of this protective order at any time, but any such motion must be made such as to allow sufficient time for the Court to entertain briefing on the motion and rule on it before any contemplated use of the protected materials.

DATED THIS 25th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE