UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN JAMES LISLE,<br><br>                    Petitioner,<br><br>    v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>                    Respondents. | Case No. 2:03-cv-1006-MMD-CWH<br><br>ORDER |

In this capital *habeas corpus* action, on June 20, 2019, Petitioner Kevin James Lisle, who is represented by appointed counsel, filed a *pro se* motion to waive further proceedings and voluntarily dismiss this action. (ECF No. 359.) The Court held an evidentiary hearing regarding that motion on November 12 and 13, 2020. (ECF Nos. 444, 445.) At the evidentiary hearing, Lisle's appointed counsel presented exhibits and testimony of witnesses, including Lisle himself, concerning the issues whether Lisle was competent to make the waiver and whether the waiver was knowing, intelligent and voluntary. Among the issues addressed at the evidentiary hearing was the question of the conditions of Lisle's confinement on Nevada's death row. At the conclusion of the evidentiary hearing, on the afternoon of November 13, 2020, before the Court ruled on Lisle's motion, Lisle withdrew the motion. (ECF Nos. 445 (minute order), 448 (transcript).)

When Lisle withdrew his motion, Lisle's counsel informed the Court that Lisle was concerned that he would be subjected to retaliation in prison as a result of proceedings in this habeas action. (ECF No. 448 at 152–67.) After discussion among counsel and the Court, the Court stated it would accept Lisle's withdrawal of his motion and would proceed to final adjudication of Lisle's habeas petition, and the Court stated further:

> In the meantime, until that Petition is resolved, if you believe that as a result of you deciding to continue to pursue this case, that you are being subject to some adverse treatment or retaliation, you can bring those issues to your attorney's attention. They will file a report with the Court. And I would determine how to proceed. It may be that I would have a hearing by phone with the attorneys to see what needs to be done.
>
> And as I said, my hope is that the message will be clearly sent to those involved in managing Ely State Prison that retaliation cannot occur because Mr. Lisle should be able to proceed in this case and pursue his rights, as he is entitled to do, without fear of retaliation.

(*Id.* at 165-66; ECF No. 445 (minute order) ("Until the petition is resolve[d], if Petitioner believes that he is experiencing adverse conditions or retaliation as a result of this petition, he must advise counsel in writing so that counsel can file a report to the Court. The Court may hold a hearing if needed.")).)

On April 2, 2021, Lisle's counsel filed a notice (ECF No. 454) stating that they had received a declaration from Lisle in which he alleges adverse conditions and retaliation, and Lisle's counsel filed Lisle's declaration (ECF No. 455-1).

In Lisle's declaration, which is dated March 20, 2021, he alleges that several events have occurred, and that those events have amounted to retaliation against him; those events include: a temporary assignment to isolation in an infirmary cell (ECF No. 455-1 at 2-3); limitations on access to telephone calls (*Id.* at 2-3, 8-10); loss of clothing and other personal items (*Id.* at 3, 7); transportation on High Risk Potential ("HRP") status, and other irregularities during transportation (*Id.* at 3, 5, 7); placement on "HRP Four Man Escort" status (*Id.* at 3-4); limitations on food and canteen privileges (*Id.* at 3-5); limitations on showers (*Id.* at 4); limitations on access to the yard (*Id.* at 4); and subjection to noise (*Id.* at 7-8). The Court is concerned about all Lisle's allegations, but notes that the following are especially troubling, as these allegations, if true, amount to threat of physical harm or death[1]:

---

[1] Lisle of course may seek relief under 42 U.S.C. § 1983 in a separate action if he believes the conditions about which he complains violate his constitutional rights. This Court's decision to review Lisle's complaint about the more serious allegations should not affect Lisle's pursuit of any § 1983 claims.

   Lisle alleges that around the time of the evidentiary hearing, perhaps after the first day of the evidentiary hearing on November 12, 2020, he was placed in a cell that "had been set up with the means to commit suicide, razor blades out of a razor sitting on the window [sill], lead already taken out of a pencil to start a fire, and a full bottle of [poisonous] liquid cleaner." (*Id.* at 6.)

   Lisle alleges that from about December 29, 2020, to about January 8, 2021, he was extremely ill, perhaps with COVID-19, but was apparently left in his cell to suffer through that illness without treatment. (*Id.* at 8-9.)

   Lisle alleges events suggesting that in February 2021 he was set up for it to appear to certain inmates, allegedly gang members, that he had snitched on them about having contraband, perhaps telephones, leading to searches of their cells, and leading to Lisle being seen by them as a snitch. (*Id.* at 10-11.)

The Court will schedule a hearing, to hear the parties' positions regarding how these allegations should be handled. The Court will grant Respondents an opportunity to respond to Lisle's April 2, 2021, filings, and for Lisle to reply, before the hearing.

It is therefore ordered that Respondents will have 14 days from the date of entry of this Order to file a response to Lisle's April 2, 2021 filings (ECF Nos. 454, 455, 455-1). Lisle will then have 7 days to file a reply. The Court will issue a separate minute order to schedule a virtual hearing.

DATED THIS 12th Day of April 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE